IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:10-CR-23- JRG-RSP |
| | § | |
| GEORGE EUGENE MERCER | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On August 25, 2017, the undersigned held a final hearing on the Government's petition (#37) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, George Eugene Mercer, was represented by Ken Hawk.

George Eugene Mercer was sentenced on August 17, 2011, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Possession of a Destructive Device Which is Not Registered in the National Firearms Registration or Transfer Record, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 120 months. George Eugene Mercer was subsequently sentenced to 100 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and financial disclosure. On November 24, 2014, this case was reassigned to Honorable J. Rodney Gilstrap. On April 28, 2017, George Eugene Mercer completed his period of imprisonment and began service of the supervision term. On June 6, 2017, the court modified the terms of supervision to include mental health treatment.

On August 9, 2017, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: The defendant submitted urine specimens which tested positive for cocaine on May 2, 2017; June 7, 2017 and June 20, 2017. The defendant submitted a urine specimen which tested positive for cocaine and methamphetamine on July 28, 2017.

2) <u>Special:</u> The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges the following: The defendant failed to appear for random drug testing on July 27, 2017 and July 31, 2017.

The Court scheduled a revocation hearing for August 25, 2017. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #2 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight months, with no supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegation, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no supervised release to follow such term of imprisonment. The Court recommends service of sentence at FCI Bastrop.

At the close of the August 25, 2017 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 29th day of August, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE